IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL ELLENBURG, <br><br> Petitioner, <br><br> vs. <br><br> LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | Cause No. CV 14-80-H-DLC-JTJ <br><br><br> FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On December 29, 2014, Petitioner Michael Ellenburg filed an application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On January 26, 2015, Ellenburg filed an amended application. (Doc. 8.) Ellenburg is a state prisoner proceeding pro se. He is currently serving a 25-year sentence imposed in 2006 on revocation of his previously-suspended sentences on two counts of theft and one count of forgery. *See* Judgment at 8 (Doc. 8-3 at 8). The petitions should be denied for lack of merit, and this case should be dismissed for lack of jurisdiction.

This is Ellenburg's third petition concerning the revocation. He filed the first petition in 2007 and the second in 2008. They were consolidated, addressed together, and denied for lack of merit. *See* Findings and Recommendation (07-139-M Doc. 15; 08-114-M Doc. 8 at 1), *Ellenburg v. MacDonald*, Nos. CV 07-

1

139-M and CV 08-114-M (D. Mont. Aug. 7, 2008); Order (07-139-M Doc. 18 ; 08-114-M Doc. 11 at 3). In September 2008, Ellenburg appealed. On October 2, 2009, the Ninth Circuit Court of Appeals denied a certificate of appealability. Order (Doc. 16 at 1), *Ellenburg*, No. CV 08-114-M; *see also* Order at 1, *Ellenburg v. MacDonald*, No. 08-35747 (9th Cir. Oct. 2, 2009) (07-139-M).

Ellenburg alleges that his counsel in the revocation proceedings failed to properly perfect an appeal. *See, e.g.*, Am. Pet Supp. (Doc. 8-1) at 18-20.[1] He also contends the Montana Supreme Court and the trial court violated his constitutional rights by applying procedural bars and time bars to his attempted submissions in state court. The Court concluded that his allegations were "not proper under habeas corpus," and Ellenburg specifically refers to the Court's comment that his claims "constitute issues that may be the proper subject of a petition for postconviction relief in the District Court." *See* Am. Pet. Supp. at 8; Order at 1, *Ellenburg v. State*, No. OP 13-0122 (Mont. Mar. 20, 2013) (Cotter, J.), *available at* http://supremecourtdocket.mt.gov (accessed Jan. 28, 2015); Mont. Code Ann. § 46-22-101(2). Ellenburg also refers to the trial court's subsequent rejection of a petition for postconviction relief, *see* Am. Pet. Supp. at 8-9, which Ellenburg submitted in the belief that Justice Cotter had advised him to do so, *id.* at 8, and to

---

[1] This document contains two pages numbered 4. Page numbers cited herein refer to correct sequential numbering.

his appeal of that rejection, *id.* at 9. He claims his time to file a petition for postconviction relief should have been equitably tolled. *See* Appellant Br. at ¶¶ 7-9 (of typewritten pages), *Ellenburg v. State*, No. DA 13-0450 (Mont. Oct. 18, 2013).

Ellenburg has already filed a federal petition challenging the validity of the State's judgment on revocation of his suspended sentences. He cannot file in this Court another federal petition challenging the validity of that judgment unless and until the Court of Appeals authorizes him to do so. 28 U.S.C. § 2244(c). To the extent Ellenburg's claims challenging the validity of the revocation judgment rely on "newly discovered evidence," *see, e.g.*, Am. Pet. at 5-6 (and to the extent such evidence is in fact "newly discovered"), Ellenburg must first present those allegations to the Court of Appeals and persuade that Court that he meets the high standards of 28 U.S.C. § 2244(b). This Court lacks jurisdiction to entertain another federal habeas petition unless and until the Court of Appeals authorizes it to do so. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

To the extent Ellenburg believes he is entitled to federal habeas relief because the state courts have rejected his repeated attempts to continue litigating the validity of procedures by which his suspended sentences were revoked and his

appeal was dismissed, he fails to identify any violation of federal law.[2] Assuming, for the sake of argument, the federal Constitution requires states to provide some means to challenge the validity of a revocation judgment, Montana plainly does so. *See, e.g.*, Mont. Code Ann. §§ 46-20-104(1), 46-21-101 *et seq.*

Nor is there any reason to believe Ellenburg might have unfairly been prevented from filing a petition for postconviction relief challenging revocation counsel's performance. In 2007, Ellenburg filed a petition for writ of habeas corpus in the Montana Supreme Court. He alleged that his revocation counsel was ineffective in several respects, including failing to properly perfect an appeal. Pet. at 5, *Ellenburg v. Mahoney*, No. OP 07-0564 (Mont. Sept. 20, 2007). The Court dismissed the petition because "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence." Order at 2 (quoting Mont. Code

---

[2] When the Montana Supreme Court decided Ellenburg's latest appeal, which challenged the trial court's rejection of his petition for postconviction relief, it did not address his allegations. *See* Order at 3, *Ellenburg*, No. DA 13-0450 (mistakenly stating: "Ellenburg seeks credit against his sentence for certain periods of time served prior to the revocation of his probation in 2006."). In fact, in No. DA 13-0450, Ellenburg did not claim credit for time served. *See* Appellant Br. at 7-15, *Ellenburg*, No. DA 13-0450 (Mont. filed Oct. 18, 2013). He did so in a previous action. *See* Order at 2-4 ¶¶ 2-7, *Ellenburg v. State*, No. DA 12-0767 (Mont. Aug. 13, 2013); Pet. at 1, *Ellenburg*, No. DA 12-0767 (Mont. Dec. 21, 2012) (both addressing credit for time served under supervision before revocation).

According to the Court's website, Ellenburg has filed 22 actions—eight appeals and 14 original proceedings—in the Montana Supreme Court since 2005. Some are civil rights actions, and some concerned criminal or revocation judgments. Of the 22 matters, 16 were filed after revocation of his suspended sentences became final. *See State v. Ellenburg*, No. DA 06-0378 (Mont. dismissed Oct. 4, 2006). Justice Cotter's Order of March 20, 2013, *cited supra* at 2, was entered pursuant to a previously imposed restriction on Ellenburg's ability to file new actions in that Court. Order at 1, *Ellenburg*, No. OP 13-0122; *see also* Order at 2-3, *Ellenburg v. Mahoney*, No. OP 11-0523 (Mont. Sept. 20, 2011).

Ann. § 46-22-101(2)), *Ellenburg*, No. OP 07-0564 (Mont. Oct. 31, 2007). The Court noted that Ellenburg had previously filed a petition for postconviction relief challenging the validity of his original conviction and, specifically, counsel's performance in connection with it. *Id.* at 1-2 (referring to *Ellenburg v. Chase*, 87 P.3d 473 (Mont. 2004)).

In 2008, Ellenburg filed a petition for writ of supervisory control, asking the Montana Supreme Court to order the trial court to act on documents received and filed in the trial court on November 5, 2007, and November 20, 2007. Pet. for Writ at 1-2 & Case Register Report at 2 (Entries 170-171), *Ellenburg v. Fourth Jud. Dist. Court*, No. OP 08-0064 (Mont. Jan. 31, 2008). The submissions to the trial court consisted of a document entitled "COMPLAINT Perjury In personam," an affidavit, and a document entitled "Amendment of Complaint Perjury inpersonam." Pet. Exs. at 4-10. In these documents, Ellenburg accused his probation officer of lying at the revocation hearing and moved the trial court to hold its factual findings in that hearing "clearly erroneous." *Id.* at 10. The Montana Supreme Court Order at 1-2, *Ellenburg v. State*, No. OP 08-0064 (Mont. Feb. 20, 2008) (dismissing claim that revocation was factually unfounded and noting that petition for postconviction relief would be time-barred and procedurally barred).

Given Ellenburg's filing history in state court, this Court could grant federal habeas relief only if the United States Constitution required states to provide

multiple opportunities or procedural vehicles to challenge a revocation judgment or to give legal advice to litigants concerning the correct vehicle to use in a specific case in order to present claims for relief. But the Constitution does not require states to do any of those things. Moreover, even if the most recent actions by the trial court or the Montana Supreme Court violated *state* law—and the Court is not remotely suggesting they did—an error of state law does not support federal habeas relief. *Wilson v. Corcoran*, 560 U.S. 1, __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

A certificate of appealability should be denied because the case is controlled either by *Burton* or by the lack of any federal authority requiring the State of Montana to provide Ellenburg with legal advice and multiple opportunities to challenge the validity of the 2006 revocation judgment. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, the undersigned issues the following:

### RECOMMNEDATIONS

1. Ellenburg's petitions (Docs. 1, 8) should be **DENIED** for lack of merit to the extent he challenges the actions of the trial court and Montana Supreme Court and **DISMISSED** for lack of jurisdiction to the extent he challenges the validity of the revocation judgment of 2006.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Ellenburg may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ellenburg must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 25th day of August, 2015.

                                           /s/ John Johnston
                                           John Johnston
                                           United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.