IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED

NOV 1 8 2015

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| MICHAEL ELLENBURG,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–80–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this case on August 25, 2015, recommending that Petitioner Michael Ellenburg's petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed. Because Ellenburg timely objected to the Findings and Recommendations, the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). Those portions of the Findings and Recommendations to which Ellenburg has not specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Additionally, "[w]here a petitioner's objections constitute 'perfunctory responses argued in an attempt to engage the district court in a

1

rehashing of the same arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendations in full.

Ellenburg challenges the 2006 revocation of a suspended sentence on two theories: (1) ineffective assistance of counsel and (2) due process violation grounded in the dismissal of his state filings on procedural grounds. Judge Johnston determined that Ellenburg's petition as to the first theory is barred on procedural grounds: because this Court previously dismissed identical claims regarding Ellenburg's sentence revocation on the merits,[1] it lacks jurisdiction to hear Ellenburg's argument. Ellenburg objects, reasserting ineffective assistance of counsel during the revocation proceedings and arguing that dismissal on procedural grounds is improper. Additionally, Ellenburg renews his request for appointment of counsel. Ellenburg's objections cannot cure this Court's lack of jurisdiction.

---

[1] Order, *Ellenburg v. MacDonald*, Nos. CV 07–139–M and CV 08–114–M–DWM–JCL (D. Mont. Aug. 7, 2008)

Judge Johnston found that Ellenburg's second theory also fails, but he made this determination on the merits, finding that Ellenburg's opportunities to challenge his revocation in state court met the constitutional requirements. Ellenburg does not raise a direct objection to this analysis, but he argues that he is entitled to a certificate of appealability. The Court agrees with Judge Johnston that Ellenburg's petition fails to show denial of a federal right. Because Ellenburg's petition is dismissed, the Court does not consider Ellenburg's renewed motion for appointment of counsel.

## I. Ineffective Assistance of Counsel

Pursuant to 28 U.S.C. § 2244, this Court lacks jurisdiction to hear "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application[.]" Ellenburg presented the same claims in two earlier applications, which were subsequently consolidated and denied on the merits. Order, *Ellenburg v. MacDonald*, Nos. CV 07–139–M and CV 08–114–M–DWM–JCL (D. Mont. Aug. 7, 2008). To support his argument that procedural dismissal is improper, Ellenburg claims that his earlier petitions were dismissed without prejudice. Ellenburg is simply mistaken. The 2008 Order is a final judgment dismissing his claims with prejudice.

To give this Court jurisdiction, Ellenburg must demonstrate that his claim:

"relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; is based on facts that "could not have been discovered previously through the exercise of due diligence"; or is based on facts "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(2). Even if Ellenburg can meet one of these threshold requirements–and his petition suggests that he cannot–this Court will lack jurisdiction over his claims unless he first successfully petitions to the Ninth Circuit Court of Appeals for an order authorizing jurisdiction. 28 U.S.C. § 2244(3).

## II. Dismissal on Procedural Grounds

In his petition, Ellenburg claimed that the state's repeated dismissal of his petitions on procedural grounds violates due process. Judge Johnston recommended denying Ellenburg's petition for lack of merit, finding Ellenburg has no constitutional right to repeatedly challenge his revocation in state court. Ellenburg does not directly object to Judge Johnston's analysis, but he argues he is entitled to a certificate of appealability. Ellenburg asserts that because his petition raises valid constitutional questions, a certificate should issue. He has, however, raised no valid federal constitutional question. Federal law does not require a state

4

to give prisoners multiple opportunities to challenge a sentence revocation. Further, even if Ellenburg had raised a valid claim under state law, this Court may not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Ellenburg has not "made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Here, there are neither close questions nor reason to encourage further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is unwarranted.

There being no clear error in the remainder of Judge Johnston's Findings and Recommendations,

IT IS ORDERED that:

1. Judge Johnston's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL.

2. Ellenburg's petitions (Docs. 1, 8) are DENIED for lack of merit to the extent he challenges the actions of the trial court and Montana Supreme Court and DISMISSED for lack of jurisdiction to the extent he challenges the validity of the revocation judgment.

3. The Clerk of Court shall enter by separate document a judgment of dismissal.

4.   IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 18th day of November, 2015.

*Dana L. Christensen* (signature)
Dana L. Christensen, Chief Judge
United States District Court